IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

NATIONAL PRODUCTS, INC.,

        Plaintiff/Counter Defendant,        OPINION & ORDER

v.

                                                  20-cv-439-wmc

PROCLIP USA, INC. &
BRODIT AB,

        Defendants/Counter Claimants.

On May 11, 2020, plaintiff National Products, Inc. ("NPI") filed this patent infringement action against defendants ProClip USA, Inc. and Brodit AB. (Dkt. #1.) In their respective answers, both ProClip USA and Brodit AB asserted counterclaims against NPI. (Dkt. #21, 37.) Now before the court is NPI's unopposed motion for entry of a partial consent judgment. (Dkt. # 42.) Specifically, the parties have agreed to a partial settlement agreement, contingent on entry by the court of a proposed, partial consent judgment.

A consent judgment is "a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). "Before entering a consent decree the judge must satisfy himself that the decree is consistent with the Constitution and laws, does not undermine the rightful interests of third parties, and is an appropriate commitment of the court's limited resources." *Kasper v. Bd. of Election Comm'rs of the City of Chicago*, 814 F.2d 332, 338 (7th Cir. 1987). Having reviewed the proposed partial consent judgment, the court is satisfied that it meets this standard by disposing of claims between the parties with respect to one of four asserted patents pending in the above-captioned action

As stipulated by the parties, the court begins by accepting the following facts:

1. Plaintiff NPI is a Washington State corporation with its principal place of business at 8410 Dallas Avenue S., Seattle, WA 98108. NPI is in the business of and selling cases and cradles for portable electronic devices, including for example, the RAM, RAM MOUNTS, Intelliskin, and GDS Tech product lines.

2. Defendant ProClip is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business at 4915 Voges Rd. Madison, WI 53718- 6914

3. Defendant Brodit is a Swedish company with its principal place of business at Gesällvägen 8 546 34 Karlsborg, Sweden.

4. This is an action for patent infringement arising under 35 U.S.C. § 1 et seq. Thus, this court has subject matter jurisdiction under 28 U.S.C §§ 1331 and 1338(a), has personal jurisdiction over the parties, and may exercise venue properly in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

5. NPI is the owner of United States Patent No. 10,595,622 ("the '622 Patent"), attached hereto as Exhibit A. By operation of law (35 U.S.C. §282), the '622 Patent is presumed to be valid and enforceable.

6. Defendants have sold products that NPI alleges infringe the '622 Patent – specifically, ProClip Product Number 100990, entitled "Kickstand with Handstrap for Otterbox Universe Table Cases," ("the Accused Product") shown below:



7. Defendants do not admit that the Accused Product infringes any claims of the '622 Patent, but are willingly to enter into this partial consent judgment to reduce the number of claims for the court to adjudicate in the above-referenced matter.

8. To avoid further litigation of otherwise disputed claims, the parties agree that NPI shall be entitled to an injunction to prevent any alleged unauthorized infringement caused by Defendants making, using, selling, or offering for sale in the United States, or importing into the United States the Accused Product or any other products not patentably distinct therefrom, or inducing or contributing others to do the same.

9. The parties have executed a partial settlement agreement with respect to all claims and counterclaims related to the '622 Patent, which becomes final upon entry of this Partial Consent Judgment.

10. All parties knowingly, intentionally, willingly, and explicitly waive their right to appeal this Partial Consent Judgment.

Accordingly, it is ORDERED that:

A. Defendants are hereby immediately enjoined from making, using, selling, offering for sale in the United States, or importing into the United States, ProClip Product Number 100990 and any other products not patentably distinct from ProClip Product Number 100990, or from inducing or contributing to others making, using, selling, offering for sale in the United States, or importing into the United States, ProClip Product Number 100990 and any other products not patentably distinct from ProClip Product Number 100990.

B. This Partial Consent Judgment fully and finally resolves all of NPI's claims in this lawsuit with respect to the '622 Patent.

C. No party to this Partial Consent Judgment may appeal the Partial Consent Judgment.

D. Final judgment shall be entered pursuant to this Partial Consent Judgment, without further notice.

E. Each party is to bear its own costs and attorneys' fees incurred in this litigation to date with respect to the issues disposed of by this Partial Consent Judgment.

Entered this 25th day of November, 2020.

BY THE COURT:
/s/
WILLIAM M. CONLEY
District Judge